Taking; Government use of airspaoe; interference with sky-diving business. — On May 28,1976 the court entered the following order:
. Before Skelton, Judge, Presiding, Kashiwa and Bennett, Judges.
“This case comes before the court on a stipulation of facts and defendant’s request to dismiss plaintiff’s petition.
“The case involves a claim by the plaintiff, Bonald C. Bodine, that the United States is interfering with his use of airspace over land he is leasing. The area concerned is near Lemoore Naval Air Station in southern California. In 1961, the United States Navy began flying operations at Lemoore. The airfield serves primarily as a training facility for pilots in the Navy. The field also serves the usual transient military flights. During the years 1972-74, the period involved in this suit, Lemoore was the home base for approximately *688 380 military jet aircraft. The field is thus one- of the biggest and busiest of jet airfields operated by the United States. In the spring of 1912, the plaintiff began preparations for a sky-diving or sport parachute center from an abandoned airstrip on a piece of property some 12% miles northeast of Lemoore. Plaintiff proposed to fly sky-jumpers to various altitudes up to 12,500 feet above the property from which they would descend, by free-fall and parachute, hopefully to land on the property being leased by the plaintiff. To-conduct ¡his sky-diving business, plaintiff was required to obtain permission or approval from the Federal Aviation Administration, the Fresno County Board of Supervisors,, and the California Aeronautics Board. Plaintiff filed applications with all three -agencies in May'¡and June of 1972. The Navy immediately protested that the sky-diving would conflict with operations at Lemoore. In various actions in the agencies extending over an 18-month period, the applications were approved over the strong objections of the Navy. Ultimately, however, the County of Fresno voided plaintiff’s permit for ‘failure to submit a Site Plan Keview Application’ and ‘failure to initiate any site development within one year.’ The county invited plaintiff to reapply, but plaintiff filed this suit instead, contending that the Navy’s continuing use of the airspace above his property constitutes the taking of an interest in his property in the character of a navigation easement, for which the payment of just compensation is required.
“We hold that plaintiff’s claim must fail for the following-reasons. First of all, plaintiff seeks to charge the defendant with imposing an easement not on the land, but on the airspace itself. While United States v. Causby, 328 U.S. 256 (1946) holds the Government liable for destroying a plaintiff’s use of land by means of the noise and disturbance of aircraft, there are no cases concerning the wrongful use of airspace only. Since there is no adverse effect on the land,, plaintiff has not suffered a compensable taking. -
“Secondly, the airspace over the United States is a public highway, open -to use by everyone and controlled by the Government. United States v. Causby, supra at 261. To recognize private claims such as the one plaintiff advances in *689 this, case would clog these air highways, seriously interfere with their control and development, and transfer. into private ownership airspace to which only the public has a just claim. If such private ownership were to prevail, every transcontinental flight would subject the operator to countless trespass suits. ‘Common sense revolts at the idea.’ United States v. Causby, supra at 261.
“Third, the ‘taking’ alleged by the plaintiff, i.e., an inability to conduct a sky-diving business, was the result of actions by Fresno County and not by the United States. For the United States to be liable under the fifth amendment for a ‘taking’ of property, the United States must have done something which has resulted in a loss of property rights held by the plaintiff. Cases in this court have expressed a. requirement that before there is a taking of property there must be either an express or implied intention by the United States for such taking. Biggs Rental Co. v. United States, 173 Ct. Cl. 789, 353 F. 2d 1013 (1965), cert. denied, 384 U.S. 927 (1966). Under the facts of this case, the United States has not ‘taken’ any property right owned or claimed by plaintiff. Plaintiff has been frustrated in his business venture by actions of Fresno County. These actions were taken, at least in part, because of information supplied by the Navy. The Navy can be said to be vigilant, aggressive, and perhaps more, but it cannot be said that supplying information on an assertedly hazardous situation constitutes a ‘taking’ of property within the fifth amendment.
“Based upon the Stipulation for Determination of Issue of Liability filed by the parties on November 14, 1975, the court determines that the defendant has no liability to the plaintiff and therefore the plaintiff’s petition is dismissed.”